UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MELISA G.,

                       Plaintiff,

      - v -                                     Civ. No. 3:18-CV-508
                                                                (DJS)
NANCY A. BERRYHILL, *Acting Comm'r of
Soc. Sec.*,

                       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LACHMAN & GORTON<br>Counsel for Plaintiff<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, NY 13761 | PETER A. GORTON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GENERAL COUNSEL<br> - REGION II<br>Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | JUNE L. BYUN, ESQ.<br>DAVID L. BROWN, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER[1]

Currently before the Court, in this Social Security action filed by Melisa G. against

the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 8 & General Order 18.

1

Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 12 & 14. For the reasons set forth below, Plaintiff's Motion is **denied** and Defendant's Motion is **granted**. The Commissioner's decision denying Plaintiff disability benefits is **affirmed**, and Plaintiff's Complaint is **dismissed**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on February 1, 1987. Dkt. No. 9, Admin. Tr. ("Tr."), p. 101. Plaintiff reported completing eleventh grade. Tr. at p. 255. She has past work experience as a cashier, cook, ice cream server, and in temporary labor. *Id.* Plaintiff alleges disability due to mental illness, obsessive compulsive disorder, back problems, and heart problems. Tr. at p. 101.

### B. Procedural History

Plaintiff filed for Supplemental Security Income on June 16, 2014 alleging disability beginning on February 1, 2013. Tr. at pp. 100-101. Plaintiff was denied benefits, and on Plaintiff's request, a hearing was held on October 27, 2016 before ALJ John P. Ramos, at which Plaintiff was represented and testified. Tr. at pp. 38-61 & 117-120. The ALJ then held a supplemental hearing on May 23, 2017, at which he obtained the testimony of a medical expert and a vocational expert ("VE"). Tr. at pp. 62-99. On August 4, 2017, the ALJ rendered a determination finding Plaintiff not disabled. Tr. at pp. 10-31. Plaintiff appealed the determination, and the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the

Commissioner. Tr. at pp. 1-6. Plaintiff commenced this action appealing the determination on April 26, 2018. Dkt. No. 1.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 16, 2014, the application date. Tr. at p. 12. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, lumbosacral myofascitis, obesity, attention deficit hyperactivity disorder, obsessive-compulsive disorder, bipolar disorder, anxiety disorder, post-traumatic stress disorder, and learning disorder. Tr. at pp. 12-13. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at p. 13. The ALJ next determined that Plaintiff had the following residual functional capacity ("RFC"):

> [S]he can continuously lift or carry up to ten pounds; she can sit for up to six hours in an eight-hour day, she can stand for up to two hours in an eight-hour day, and walk for up to two hours in an eight-hour day; standing and walking, she can each do [sic] at one-hour intervals; she could frequently reach overhead and could continuously reach in all other directions; continuously handle, finger, feel, push, and pull with both hands and upper extremities; she should not climb ladders or scaffolds; she can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl as those terms are defined in the DOT; she can occasionally use foot controls bilaterally; she could frequently work at unprotected heights, with moving mechanical parts, and operate a motor vehicle; she can occasionally be exposed to humidity and wetness, be exposed to dust, odors, fumes and pulmonary irritants, and extremes of cold or heat; she should not be exposed to vibrations; she retains the ability to understand and follow simple instructions and directions; she can perform simple tasks with supervision

and independently; she can maintain attention and concentration for simple tasks; she can regularly attend to a routine and maintain a schedule; she can relate to and interact with others to the extent necessary to carry out simple tasks; and she can handle reasonable levels of simple work-related stress, in that she can make decisions directly related to the performance of simple work, and she can handle usual workplace changes and interactions associated with simple work.

Tr. at p. 16. Next, the ALJ determined that Plaintiff has no past relevant work. Tr. at p. 29. The ALJ found that Plaintiff was born on February 1, 1987, and was 27 years old, which is defined as a younger individual age 18-49, on the date the application was filed, has limited education, and is able to communicate in English. *Id.* The ALJ found that transferability of job skills is not an issue, because the claimant does not have past relevant work. *Id.* The ALJ then determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, and that Plaintiff was not under a disability since the date the application was filed. Tr. at pp. 29-31.

### D. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff contends that the Commissioner failed to meet its burden to demonstrate that jobs exist in significant numbers in the national economy that Plaintiff can perform. Dkt. No. 12, Pl.'s Mem. of Law, pp. 11-13. Plaintiff argues that the Information Clerk job the ALJ identified is inconsistent with the RFC limiting Plaintiff to lifting 10 pounds because it is categorized as a light job, and the definition of light work involves lifting up to 20 pounds. *Id.* at p. 11. Plaintiff further points to her attorney's cross-examination of the VE, during which the VE testified that it was possible that an individual performing the Information Clerk job may have to lift over 10 pounds

4

occasionally. *Id.* at p. 12. Plaintiff asserts that the VE's testimony is therefore also inconsistent with the ALJ's hypothetical. *Id.* at p. 13.

In addition, Plaintiff contends that the ALJ's finding that Plaintiff could regularly attend to a routine and maintain a schedule is not supported by substantial evidence. *Id.* at pp. 13-15. Plaintiff argues that her treating physician opined that she would be off task more than 33% of the day and absent more than four days per month, and that this opinion should have been credited. *Id.* at pp. 13-14. She also argues that Dr. Harding assessed a moderate limitation to maintaining attention and concentration, performing activities within a schedule, and maintaining regular attendance. *Id.* at p. 14. Plaintiff argues that the ALJ's limitation of Plaintiff to simple work does not appropriately account for Plaintiff's limitations to attention and concentration. *Id.* at pp. 14-15.

In response, Defendant contends that jobs categorized as light work may involve lifting less than the maximum in that category, and that Plaintiff's RFC does not preclude her from performing the Information Clerk job. Dkt. No. 14, Def.'s Mem. of Law, pp. 6-7. Defendant also contends that substantial evidence supported the mental limitations contained in the ALJ's RFC finding, and that Plaintiff is able to perform unskilled work even if she has moderate limitations in concentration, persistence, or pace. *Id.* at pp. 8-10.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford

the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

7

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. The Step Five Determination

Plaintiff first contends that she cannot perform the job that the VE identified and the ALJ adopted, Information Clerk. Pl.'s Mem. of Law at pp. 11-13. She contends that the job requires lifting more than 10 pounds, while the RFC limited Plaintiff to lifting no more than 10 pounds. *Id.*

Plaintiff points out that the Information Clerk job is rated at the light exertional level pursuant to the Dictionary of Occupational Titles, and that light work is defined as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; she argues that the requirement of lifting up to 20 pounds is inconsistent with the RFC. *Id.* In addition, Plaintiff notes that during the hearing, the VE testified that the Information Clerk job could require at least occasionally lifting more than 10 pounds, which again is inconsistent with the RFC. *Id.* Plaintiff further contends that the VE's testimony was inconsistent with the ALJ's RFC because the VE testified that the Information Clerk job can require occasional lifting of over 10 pounds, and therefore does not provide substantial evidence for the finding. *Id.*

The ALJ determined that vocational expert testimony was necessary because the ALJ determined that Plaintiff did not have the RFC to perform the full range of light work, having additional exertional and nonexertional limitations. Tr. at p. 30. The testimony of vocational experts is utilized when a claimant is not able to perform all of

8

the requirements for a particular exertional level, in order to determine whether there are jobs the claimant can perform with those additional limitations. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010); *Valenti v. Sec. of Health and Human Servs.*, 600 F. Supp. 54, 57 (E.D.N.Y. 1984) ("A vocational expert's testimony is unnecessary when a claimant can, for example, perform *any type* of sedentary work. However, when the claimant can perform only limited types of sedentary work, then a vocational expert must be called to testify.") (internal citations omitted); *Gilmore v. Comm'r of Soc. Sec.*, 2016 WL 4079535, at *6 (N.D.N.Y. July 29, 2016). Because Plaintiff's RFC is for less than the full range of light work, the ALJ consulted a VE, and the ALJ credited the VE's determinations.

Here, the VE testified that Plaintiff would be able to perform the Information Clerk job with the limitation that she could only lift up to 10 pounds. Tr. at p. 95. Given that the ALJ's hypothetical to the VE accurately reflected Plaintiff's limitations, the VE's testimony that Plaintiff could perform this work provided substantial evidence for the ALJ's finding. *Boyer v. Berryhill*, 2017 WL 120833, at *5 (N.D.N.Y. Mar. 31, 2012). The ALJ explained that he found "[t]he conclusions of the vocational expert to be credible and persuasive, because of the vocational expert's knowledge regarding the types and numbers of jobs in the national economy, and because of the vocational expert's knowledge regarding the exertional and nonexertional requirements of jobs in the national economy," and noted that he gave "due consideration to the cross-examination of the vocational expert by the claimant's attorney." Tr. at pp. 30-31. "It is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses." *Aponte v. Sec., Dep't of Health and Human Servs.*,

728 F.2d 588, 591 (2d Cir. 1984) (second alteration in original) (internal quotation marks omitted). The ALJ considered the cross examination of the VE by Plaintiff's counsel, but nonetheless found "the conclusions of the vocational expert to be credible and persuasive" for specific reasons. Tr. at p. 30. The ALJ consulted with a VE, who the ALJ found to be credible, and found that Plaintiff could perform work that existed in significant numbers in the national economy; this satisfied the Commissioner's burden of establishing Plaintiff can perform work. *See Pratt v. Bowen*, 1988 WL 108431, at *2 (S.D.N.Y. Oct. 3, 1988).

## B. The Work Pace and Attendance Determination

Plaintiff next contends that the ALJ's determination that Plaintiff can regularly attend to a routine and maintain a schedule was not supported by substantial evidence. Pl.'s Mem. of Law at pp. 13-15. In particular, Plaintiff argues that this finding is contrary to the opinion of her treating physician, Dr. Denzien, regarding Plaintiff's time off task and number of days that she would be absent from work. Plaintiff argues that this is the only opinion that addresses the limitation as caused by Plaintiff's physical impairments, and that the ALJ's determination that this opinion is speculative is flawed. *Id.* In addition, Plaintiff points out that Dr. Harding assessed a moderate limitation in maintaining attention and concentration, performing activities within a schedule, and maintaining regular attendance based on Plaintiff's psychiatric impairments, and that the ALJ gave this opinion significant weight. *Id.* Finally, Plaintiff argues that limiting her to simple work does not account for limitations in attention or concentration. *Id.*

10

In determining Plaintiff's RFC, the ALJ gave some weight to the opinion of Dr. Kim, the psychiatric consultative examiner, finding support in the record for her determination that Plaintiff did not evidence any limitations in her ability to maintain a regular schedule. Tr. at pp. 28-29. The ALJ explained that he took "into account the concerns that Dr. Kim expressed regarding the claimant's ability to maintain attention and concentration and deal with stress appropriately by restricting the claimant to simple instructions and directions, simple tasks, simple work-related stress, and simple work decisions." *Id.*

The ALJ gave little weight to the opinion of Dr. Denzien, including her opinion regarding Plaintiff's off-task time and frequent absences, finding them unsupported by Plaintiff's medical records from Dr. Denzien and inconsistent with Plaintiff's reported activities, in addition to being speculative, and contrary to the opinion of the medical expert and the internal medicine consultative examiner. Tr. at pp. 27-28. In discounting Dr. Denzien's opinion, the ALJ noted the short period of time that Plaintiff treated with her, and that Dr. Denzien's treating notes provide little support for her opinion. *Id.* The ALJ gave substantial weight to the opinion of Dr. Jenouri, who did not include any limitations in Plaintiff's ability to maintain a regular schedule. Tr. at pp. 27 & 477.

Plaintiff also argues that the form completed by Dr. Harding supports a finding that Plaintiff is moderately limited in attention and concentration, performing activities within a schedule, and maintaining regular attendance. Pl.'s Mem. of Law at p. 14. The ALJ noted that Dr. Harding determined that Plaintiff maintained the ability to meet the basic demands of work with her psychiatric problems. Tr. at p. 29. In any event, moderate

11

limitations are not prohibitive of performing unskilled work. *See Zabala v. Astrue*, 595 F.3d at 410; *Lowry v. Comm'r of Soc. Sec.,* 2017 WL 1290685, at *4 (N.D.N.Y. Mar. 16, 2017) ("The ability to maintain a regular schedule falls under the category of concentration and persistence. The Second Circuit has held that a moderate limitation in the area of concentration, persistence, or pace would not necessarily preclude the ability to perform unskilled work.") (internal citation omitted).

As for the ALJ's weighing of the opinion evidence, "it is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such." *Bliss v. Colvin,* 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015); *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014) (same). The ALJ sufficiently explained why he afforded the various opinions different amounts of weight. The Court will not "reweigh the evidence." *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. Aug. 12, 1993) (citing *Carroll v. Sec. of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)). The ALJ's determination is supported by substantial evidence.

Plaintiff asserts that the ALJ's determination regarding attendance is contrary to the opinion of her treating physician. Pl.'s Mem. of Law at pp. 13-14. "In order to override the opinion of the treating physician . . . the ALJ must explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). In the event the ALJ does not give controlling weight to

12

the treating physician, he must specifically state the reasons for doing so. 20 C.F.R. § 416.927(c)(2). After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion,'" giving "good reasons for not crediting the opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Burgess v. Astrue*, 537 F.3d 117, at 129-30 (2d Cir. 2008)). However, "[w]here an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation." *Blinkovitch v. Comm'r of Soc. Sec.*, 2017 WL 782979, at *4 (N.D.N.Y. Jan. 23, 2017), *report and recommendation adopted*, 2017 WL 782901 (N.D.N.Y. Feb. 28, 2017) (citing *Atwater v. Astrue*, 512 Fed. Appx. 67, 70 (2d Cir. 2013)); *Colvin on behalf of G.R.K. v. Colvin*, 2017 WL 1167292, at *6 (N.D.N.Y. Mar. 28, 2017) (quoting *Atwater v. Astrue*, 512 Fed. Appx. at 70) (collecting cases) ("Although an explicit and 'slavish recitation of each and every factor' is not required, 'the ALJ's reasoning and adherence to the regulation [must be] clear.'").

Here, the ALJ gave little weight to the opinion of Dr. Denzien, explaining that the opinion was inconsistent with Dr. Denzien's medical records, Plaintiff's activities of daily living, and was contrary to the opinion of the medical expert and the internal medicine consultative examiner. Tr. at pp. 27-28. The ALJ thus explicitly considered the consistency of the opinion with the remaining medical evidence, and the amount of evidence supporting the opinion. The ALJ also considered the length of Plaintiff's treatment with Dr. Denzien. While the ALJ did not consider all of the factors in detail, his "reasoning and adherence to the regulations [is] clear." *Colvin on behalf of G.R.K. v.*

13

*Colvin*, 2017 WL 1167292, at *6. The ALJ therefore complied with the treating physician rule.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Date: June 17, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge